PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH REYNOLDS, | ) | CASE NO. 1:08CV1024 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES GWIN |
| v. | ) | |
| MICHAEL SHEETS, Warden, | ) | MAGISTRATE JUDGE BENITA Y. PEARSON |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Before the Court, is the *pro se* petition of Keith Reynolds ("Petitioner") seeking a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254; ECF. No. 1. This Report and Recommendation is written in response to that *pro se* petition.

Reynolds is currently serving an aggregation of two concurrent sentences of five year terms of incarceration imposed following his November 3, 2006, convictions of two counts of illegal conveyance of drugs onto grounds of a detention facility. ECF No. 10-1, Ex. 3. In this federal habeas petition, Reynolds raises two grounds for relief; each alleges ineffective assistance of trial counsel. Respondent asserts that both grounds for relief lack merit. ECF. No 10.

For the reasons that follow, the undersigned recommends that Reynolds' grounds for relief be denied and his petition for a writ of habeas corpus be dismissed in its entirety.

**I. Factual and Procedural Background**

The State appellate court's factual findings shall be presumed correct and Reynolds has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001). The Cuyahoga County Court of Appeals, Fifth Appellate District, found the facts of the underlying offenses and trial to be as follows in pertinent part:

> On November 10, 2005, the Richland County Grand Jury indicted

(1:08CV1024)

>appellant, Keith Reynolds, on two counts of illegal conveyance of drugs of abuse onto grounds of a detention facility in violation of R.C. 2921.36.  Said charges arose from incidents wherein appellant hid marijuana under the stamps of two letters and sent them to an inmate in the Mansfield Correctional Institution.

ECF No. 10-1, Ex. 7.

In Reynolds' timely filed direct appeal of his convictions, he raised the following two assignments of error:[1]

> I.  TRIAL COUNSEL'S FAILURE TO CHALLENGE FOR CAUSE JUROR CLARK RENDERED AN INEFFECTIVE ASSISTANCE OF COUNSEL TO APPELLANT IN PREJUDICED HIS RIGHT TO A FAIR AND IMPARTIAL JURY.
>
> II. TRIAL COUNSEL'S FAILURE TO OBJECT TO INADMISSIBLE AND PREJUDICIAL TESTIMONY RENDERED AN INEFFECTIVE ASSISTANCE OF COUNSEL TO APPELLANT.

ECF No. 10-1, Ex. 5.  On December 3, 2007, the appellate court affirmed the convictions.  ECF No. 10-1, Ex. 7.

On December 31, 2007, Reynolds timely appealed that ruling to the Supreme Court of Ohio, alleging two propositions of law which mirrored those presented to the lower appellate court.  On April 9, 2008, the Supreme Court of Ohio denied Reynolds leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Earlier, while his direct appeal was pending before the Ohio Fifth Appellate District, on December 18, 2006, Reynolds filed with the trial court a motion to modify his sentence, (ECF No. 10-1, Ex. 12) but then moved to voluntarily dismiss his motion on May 9, 2007.  ECF No. 10-1, Ex. 14.

On April 14, 2008, Reynolds filed this petition for writ of habeas corpus alleging, as he had in the State courts, ineffective assistance of trial counsel by reason of counsel's failure to challenge for cause Juror Clark, as well as counsel's failure to object to the testimony given by a

---

[1] Reynolds's claims are duplicated verbatim, including grammatical and spelling inaccuracies.

(1:08CV1024)

prosecution witness, State Trooper Doug Hamman, that Reynolds found to have been based upon opinion, not fact. ECF No. 1.

## II. Discussion

To permit federal judicial resources to focus on only the most compelling cases, Reynolds must successfully pass through several procedural gateways to qualify for federal review. Relevant gateways and their application to the instant petition are provided below.

### A. Jurisdiction

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d).

Reynolds was convicted in the Court of Common Pleas, Richland County, Ohio within the Northern District of Ohio, and remains incarcerated.[2] The Court, therefore, has jurisdiction over Reynolds' petition.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for federal habeas petitions filed by prisoners challenging state-court convictions after its April 24, 1996, effective date. 28 U.S.C. § 2244(d); *McCray v. Vasbinder,* 499 F.3d 568, 571 (6th Cir. 2007). The provisions of the AEDPA are controlling herein as the instant petition was filed after the Act's effective date. *Lindh v. Murphy*, 521 U.S. 320, 322 (1997). In this case, the statute began to run on the date judgment became final. 28

---

[2] *See* http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation and Correction for current status of and basis for Reynolds' incarceration).

(1:08CV1024)

U.S.C. § 2244(d)(1); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685-86 (2009).

Reynolds' petition was timely filed in accordance with 28 U.S.C. §2244(d).

### C. Procedural Default

Procedural default occurs when a petitioner fails to present his constitutional claims fairly to the highest state court in a federal constitutional context. See *Picard v. Conner*, 404 U.S. 270, 275-78 (1971). Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In the instant case, Respondent has not raised nor has the Court identified issues of procedural default.

### D. Merits Review

Having passed procedural muster, Reynolds' petition is eligible for a review on the merits. The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. §2254(d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(1:08CV1024)

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings. *Williams v. Taylor*, 529 U.S. 420 (2000). State court adjudication is contrary to Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." 120 S.Ct. at 1519-20.

State court adjudication results in an unreasonable application of clearly established Federal law, as determined by the Supreme Court "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." *Id*. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 1521. Importantly, even when a State court decision results in an incorrect application of federal law, if reasonable, that application stands. *Id*.; *see Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

Under prevailing federal law, a petitioner claiming ineffective assistance of counsel must demonstrate that counsel's conduct was so far below acceptable standards of representation that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the trial unfair. *Strickland v. Washington*, 466 U.S. 668 (1984); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985). Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance. A petitioner in a habeas corpus proceeding must overcome a presumption that the challenged

5

(1:08CV1024)

conduct of counsel was a matter of strategy.  *Strickland*, 466 U.S. at 689.  The prejudice prong of the test may be satisfied by a showing that counsel's error deprived the petitioner of a fundamentally fair trial that resulted in a verdict lacking in reliability.  *Kimmelman v. Morrison,* 477 U.S. 365 (1986).

In assessing a State courts' adjudication, the federal court must first determine whether the State court applied the correct federal standard and, if so, whether the application of that standard was objectively unreasonable.  *Alley v. Bell*, 307 F.3d 380, 400 (6th Cir. 2002) (quoting *Bell v. Cone*, 152 L.Ed.2d 914, 122 S.Ct. 1843, 1852 (2002)) ("under §2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly.  Rather, [Reynolds] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.") (citation omitted.).

In his first ground for relief, Reynolds argues that he was denied the effective assistance of trial counsel by reason of counsel's failure to challenge Juror Clark for cause during voir dire.

The State appellate court rejected this claim for relief, holding in pertinent part:

> Both of appellant's assignments of error involve claims of ineffective assistance of counsel.  The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538
> N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768.  Appellant must establish the following:
>
> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
>
> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
>
> Appellant claims his trial counsel was ineffective because he failed to challenge for cause Juror Clark.  We disagree.

6

(1:08CV1024)

>Removing a juror for cause lies in the trial court's sound discretion. *State v. Cornwell* (1999), 86 Ohio St.3d 560, 1999 Ohio 125, 715 N.E.2d 1144. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St. 3d 217, 5 Ohio B. 481, 450 N.E.2d 1140. Crim. R. 24(C) governs trial jurors, challenge for cause, and states the following:
>
>A person called as a juror may be challenged for the following causes:
>
>* * * * *
>
>(9) That the juror is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that the juror will render an impartial verdict according to the law and the evidence submitted to the jury at the
>trial.
>
>* * * * *
>
>(14) That the juror is otherwise unsuitable for any other cause to serve as a juror.
>
>* * * * *
>
>Under this assignment, only challenges (C)(9) and (C)(14) can possibly apply. During voir dire, Juror Clark went up to the bench and discussed his possible prior association with appellant as follows:
>
>JUROR CLARK: Judge De Weese, I believe I recognize the defendant as an inmate at Lebanon Correctional Institution. I have no way to verify it is or isn't.
>
>THE COURT: You used to be a teacher in the Lebanon Correctional Institution, and you think he looks like a student that used to be in your class?
>
>JUROR CLARK: Correct.
>
>THE COURT: Assuming he was a student in your class at one time, would that influence your judgment?
>
>JUROR CLARK: Not really.
>
>THE COURT: You understand even if he was a student, I don't know whether he was nor not, but assuming he was, the fact that he

7

(1:08CV1024)

>was a student in your class, Lebanon Correctional Institution, is not a basis on which you can decide this case?
>
>JUROR CLARK: Right.
>
>THE COURT: You would agree, an inmate is entitled not to be wrongfully convicted and not to have the fact he is an inmate used against him in a new crime unless it's relevant to that crime?
>
>JUROR CLARK: Absolutely.
>
>THE COURT: Mr. Tunnell?
>
>MR. TUNNELL: I do not have questions.
>
>MR. HITCHMAN: Do you have a specific remembrance that it's Keith or not?
>
>JUROR CLARK: No, I do not. I just have a pretty good memory, no run-ins or anything like that.
>
>MR. HITCHMAN: I'm going to tell you that my client said while you were back there, I want you to ask Mr. Clark if he was a teacher at Lebanon, I remember him there. So he remembers you. But there isn't anything about that that would cause you to favor him or cause you to favor the State or anything of that nature?
>
>JUROR CLARK: No.
>
>MR. HITCHMAN: How long ago was it that you were a teacher?
>
>JUROR CLARK: Oh, I retired in '94.
>
>MR. HITCHMAN: Thank you, sir.
>
>THE COURT: Thank you, Mr. Clark. Thank you for telling us."
>
>We find nothing in this colloquy that qualified the juror to be challenged for cause. The statements made by Juror Clark would tend to establish his lack of bias toward appellant because he had no issue with appellant while he was his teacher. The entire case centered upon appellant sending drugs to a prison to his former prison-lover. T. at 127-129. Therefore, the fact that appellant was previously in an institution was known by all the jurors.
>
>Upon review, we find no deficiency of counsel on this issue.

ECF. No. 10-1, Ex. 7.

The State appellate court applied the correct federal legal standard-*Strickland*. Its ruling–that Reynolds' trial counsel's failure to object to Juror Clark for cause did not rise to the level of

8

(1:08CV1024)

ineffective assistance of counsel-- was not an objectively unreasonable application of *Strickland*, nor was it an unreasonable determination of the facts in light of the evidence presented.[3] The State court's ruling is bolstered by the trial court and Reynolds' trial counsel's collective questioning of Juror Clark on whether he remembered Reynolds as one of the students Mr. Clark taught at a correctional facility–something Juror Clark was unable to definitively confirm. Juror Clark did, however, definitely provide the following: (1) he claimed no memory of problems ("run-ins or anything like that") with Reynolds if indeed Reynolds had been one of Juror Clark's students; (2) he retired more than a decade prior to the trial; (3) he denied having any reason to disfavor Reynolds; and (4) he gave an affirmative response when asked whether he understood that Reynolds' prior conviction could not be used against him in deciding whether Reynolds had committed the wrongdoing for which he was on trial. Reynolds has offered no evidence that the outcome of his case would have differed had Juror Clark had been excused from the jury. Juror Clark's responses to the questioning of the State court and trial counsel preclude a showing of prejudice, which is necessary in order to establish ineffective assistance. Having failed on the prejudice prong, Reynolds' first claim of ineffective assistance of counsel must fail.

In his second ground for relief, Reynolds alleges that he was denied the effective assistance of trial counsel by reason of counsel's failure to object to the testimony of State Trooper Doug Hamman. The State appellate court, relying upon the *Strickland* standard described earlier in its opinion, rejected this second rationale for Reynolds' claim of ineffective assistance of trial counsel, holding in pertinent part:

> Evid.R. 401 defines 'relevant evidence' as, 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' Relevant evidence may be excluded for the following reasons:

---

[3] The "contrary to" clause does not require analysis (for either Ground for Relief) because the State court appropriately relied upon *Strickland*, the relevant United States Supreme Court legal precedent governing claims of ineffective assistance. The State appellate court applied that clearly established precedent correctly and in an objectively reasonable manner.

9

(1:08CV1024)

(A) Exclusion mandatory

Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

(B) Exclusion discretionary

Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403.

Appellant challenges the testimony of Ohio State Highway Patrol Trooper Doug Hamman at pages 128-129, 141, 174, 179, 183, 185, and 186. Appellant argues most of the above cited testimony was based upon Trooper Hamman's speculations and conclusions and were not based on personal knowledge or personal observation.

The evidence in this case included two stamps on a letter postmarked from Cleveland to an inmate in the Mansfield Correctional Institution, Greg Scott. State's Exhibits 1-A, 1-B, and 2. Corrections Officer David Hamm inspected incoming mail and determined the stamps on this particular piece of mail appeared suspicious. T. at 113-114, 116-117. He turned the letter over to Trooper Hamman who discovered marijuana underneath the stamps. T. at 118, 124-126. The letter was unsigned, and the complained of testimony sought to establish that appellant had sent the letter in question. T. at 130. After searching Mr. Scott's cell, letters from appellant to Mr. Scott were found, along with an unsigned letter whereupon the stamps had been removed. T. at 130-131, 139-140; State's Exhibits 8-A, 8-B, and 8-C. The unsigned letter stated, "Remember what I told you I was going to send you before I left and where at. Stamp. This is it." T. at 141. Trooper Hamman theorized marijuana had been previously sent to Mr. Scott, and it "was missed." T. at 139-140, 141. Other cards and letters were found signed by appellant and bearing appellant's return address. T. at 131-138; State's Exhibits 6-A, 6-B, 6-C, 7-A, 7-B, and 7-C. A handwriting expert verified appellant had in fact been the writer of all the documents in question, including the two unsigned letters. T. at 226-227; State's Exhibit 13. In the unsigned letters, the writer used jail lingo that Trooper Hamman explained as identifying Mr. Scott and appellant as lovers. T. at 128-29.

We find the complained of statements not to be inadmissible as they were within Trooper Hamman's knowledge and experience. Also, Trooper Hamman had personally observed the indentations.

The other issues raised by appellant involve the interpretation of recorded telephone calls between Mr. Scott and appellant. The tapes were played for the jury. T. at 151, 173. ***Defense counsel objected*** to Trooper Hamman interpreting what the jail lingo meant. T. at 164. The trial court permitted the testimony after

10

(1:08CV1024)

> instructing the prosecutor to lay a proper foundation. T. at 164-165. That foundation was laid. T. at 173-174. Trooper Hamman then explained certain language uttered by appellant on the tape. T. at 174.
>
> We do not find any of these statements to be inadmissible, as their probative value are not substantially outweighed by the danger of unfair prejudice to appellant. Appellant was identified by his own handwriting to have sent the letters in question by comparing his signed letters to the unsigned ones. T. at 225. In fact, Trooper Hamman's comments and interpretations were mere window-dressing to the case.
>
> Upon review, we find no deficiency of counsel on this issue.

ECF. No. 10-1, Ex. 7 (emphasis added).

The opinion of the State appellate court that Reynolds' trial counsel's representation fulfilled the requirements of the Constitution was not an objectively unreasonable application of *Strickland* to the facts of this case, nor was it an unreasonable determination of the facts in light of the evidence presented. This ruling is bolstered by evidence that (1) Reynolds sent Scott marijuana under a postage stamp on letters that Reynolds wrote to Scott; and (2) even though the letters upon which the charges were based had not been signed by Reynolds, a handwriting expert compared other letters known to have been written by Reynolds to Scott and determined that Reynolds had written the letters at issue, collectively providing strong evidence of Reynolds' guilt independent of Trooper Hamman's testimony. Based upon that evidence, it does not appear that the outcome of Reynolds' trial would have differed had his trial counsel objected to the testimony of Trooper Hamman.[4] It follows that Reynolds has not shown prejudice, which is necessary in order to establish ineffective assistance. Having failed to show prejudice, Reynolds' second claim of ineffective assistance of counsel must also fail.

In light of all the foregoing, it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits.

---

[4] It should be noted that, as emphasized in the State court's language cited above, defense counsel *did* object to Trooper Hamman's interpretation of jail lingo, suggesting that trial counsel strategically interposed objections.

11

(1:08CV1024)

### III. Conclusion and Recommendation

For the foregoing reasons, the undersigned Magistrate Judge recommends denying the grounds for relief alleged by Keith Reynolds and dismissing his petition for a writ of habeas corpus in its entirety without further proceedings and with prejudice.


November 23, 2010  /s/ *Benita Y. Pearson*
Date United States Magistrate Judge


### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).