UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                        :
KEITH REYNOLDS,                         :
                                        :    CASE NO. 1:08-CV-1024
         Petitioner,                    :
                                        :
    v.                                  :    OPINION & ORDER
                                        :    [Resolving Doc. No. 1]
MICHAEL SHEETS,                         :
                                        :
         Respondent.                    :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Keith Reynolds petitions for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] Reynolds seeks relief from two concurrent five-year sentences following his November 3, 2006 convictions on two counts of illegal conveyance of drugs onto detention facility grounds. [Doc. 1.] Reynolds raises two grounds for relief: (1) ineffective assistance of trial counsel for failure to challenge for cause a juror who knew Reynolds through employment at the Lebanon Correctional Facility, who had previous conflict with Reynolds, and against whom Reynolds had filed grievances; (2) ineffective assistance of trial counsel for failure to object to inadmissible and prejudicial testimony at trial. [Doc. 1 at 5-8, 10.]

On May 6, 2008, the Court referred this matter to Magistrate Judge James S. Gallas under Local Rule 72.2. [Doc. 7.] The matter was later reassigned to Magistrate Judge Benita Y. Pearson for preparation of a Report and Recommendation. On November 23, 2010, Magistrate Judge Pearson issued a Report and Recommendation that recommended denying Reynolds's petition on its merits and with prejudice. [Doc. 12.] As to Reynolds's first ground for relief, Magistrate Judge

Case No. 1:08-CV-1024
Gwin, J.

Pearson found that the failure to challenge the juror for cause did not rise to the level of constitutionally deficient assistance under the *Strickland v. Washington*, 466 U.S. 668 (1984) standard. The Magistrate Judge noted that the court, and Reynolds's counsel, had extensively questioned the juror during voir dire, that the juror did not remember encountering Reynolds, and that the juror said he had no previous conflict with Reynolds. [Doc. 12 at 8-9.] The Magistrate Judge also noted that Reynolds had offered no evidence that excusing the juror would have affected the outcome of Reynolds's case. As to the second ground for relief, Magistrate Judge Pearson found that Reynolds had not suffered prejudice from the alleged ineffective assistance, as there was strong evidence of Reynolds's guilt aside from the purportedly objectionable testimony. [Doc. 12 at 10-11.]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within fourteen days of service. *Id.* Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate judge's report without review. *See Thomas*, 474 U.S. at 149.

In this case, neither party has objected to the Magistrate Judge's recommendation. Moreover, having conducted its own review of the record and the parties' briefs in this case, the Court agrees with the conclusions of Magistrate Judge Pearson.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Pearson's Report and Recommendation and incorporates it fully herein by reference, and **DENIES** Reynolds's habeas petition. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

Case No. 1:08-CV-1024
Gwin, J.

decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


Dated: December 22, 2010          s/    *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE